JjTTTZSIMMONS, J.
Plaintiff, Paul Tavella, filed a disputed claim for workers’ compensation against his employer, Sav-A-Center. Mr. Tavella alleged a work accident either injured him, or aggravated a pre-existing condition. The workers’ compensation judge found that Mr. Tavella failed to meet his burden of proof and held in favor of the employer, Sav-A-Center. Mr. Tavella appealed. We affirm.
In 2001, Mr. Tavella moved to Louisiana to take a job as a Sav-A-Center store manager. Before the alleged work accident, Mr. Tavella sought and received medical treatment for stress and anxiety associated with his job duties. The alleged work accident occurred on January 8, 2002. Mr. Tavella testified that on that day a district manager, behind closed doors, accused Mr. Tavella of having a sexual encounter, or affair, with a corporate employee. The alleged primary inju *753 ry from this January 8th work incident was to Mr. Tavella’s mental well-being. After the January incident, Mr. Tavella continued to receive treatment for stress related to his job duties. In March of 2002, Mr. Tavella was demoted. Shortly thereafter, he took a medical leave of absence. When Mr. Tavella was unable to return to work after exhausting his paid leave company entitlements, he was terminated.
With one exception, a mental injury caused by job-related stress is not “considered a personal injury by accident arising out of and in the course of employment and is not compensable .... ” La. R.S. 23:1021(7)(b). Before the extent of Mr. Tavella’s alleged injury, or aggravation of a pre-existing injury, could become an issue, he had to prove that he came within the exception. He had to prove, by “clear and convincing evidence,” that the alleged injury resulted from “sudden, unexpected, and extraordinary stress related to the employment ....” La. R.S. 23:1021(7)(b). The analysis is conducted from the viewpoint of a reasonable man, not the experience of the particular plaintiff. Partin v. Merchant’s & Farmers Bank, 01-1560, p. 12 (La.3/11/02), 810 So.2d 1118, 1125. The focus is |3on the nature of the stress itself, not the employee’s belief in the “wrongfulness or unfairness” of the act or incident. Partin, 01-1560 at p. 13, 810 So.2d at 1126. On appeal, workers’ compensation cases are reviewed under the manifest error-elearly wrong standard. Freeman v. Poulan/Weed Eater, 93-1530, p. 4 (La.1/14/94), 630 So.2d 733, 737.
After a thorough review of the record, we cannot say that the workers’ compensation judge’s findings were manifestly wrong. This record provides a reasonable factual basis for the judge’s finding that Mr. Tavella failed to prove extraordinary stress by clear and convincing evidence. See La. R.S. 23:1021(7)(b); Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). The determinative factor is not the employee’s subjective reaction to the incident. Irrespective of whether the rumors of an affair later proved to be true or false, the characterization of the incident is controlled by the reasonability of the reaction to a privately expressed managerial response to the possibility of sexual encounters between two company employees. Based on the judge’s findings, we agree that the incident did not qualify as a com-pensable work accident or injury. For these reasons, we affirm. The costs of the appeal are assessed to plaintiff, Mr. Tavel-la.
AFFIRMED.